IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT B. KORB, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:18-cv-00042 (ERIE) |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| SGT. HAYSTINGS; JOHN WETZEL, | ) | UNITED STATES MAGISTRATE JUDGE |
| SRC DOC; MIKE CLARK, | ) | |
| SUPERINTENDENT ALBION | ) | MEMORANDUM OPINION AND |
| | ) | ORDER ON DEFENDANTS' MOTION |
| Defendants | ) | TO DISMISS (ECF No. 34). |
| | ) | |

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). ECF No. 34. For the reasons discussed below, the motion will be **GRANTED**.[1]

I. Introduction and Background

Plaintiff Albert B. Korb commenced this action by filing a Motion for Leave to Proceed *in forma pauperis*. The Court granted that motion [ECF No. 8], and Korb's *pro se* Complaint was docketed on April 17, 2018. ECF No. 9. Korb filed his Amended Complaint on June 12, 2018. ECF No. 15.[2] Defendants moved to dismiss the Amended Complaint on August 29, 2018. ECF Nos. 34, 35.

The Amended Complaint concerns an alleged assault upon Korb by Defendant Haystings. Specifically, Korb alleges: "I was physically assaulted by Sgt. Haystings 1-30-18 at Block Sgts office – 5:30 PM APX. I want this matter justified. [Unintelligible] jury – compensation –

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636(c).

[2] Korb's Amended Complaint is a rambling, barely legible document which does not follow the Federal Rules of Civil Procedure in that it fails to state his claims in numbered paragraphs. *See* Fed. R. Civ. P. 10(b). When referencing or quoting this filing, the Court will use page citations.

1

whatever else." ECF No. 15, at 4-5. Korb further avers that Defendant Haystings "put his arms around me twisted me sideways – and ordered me back to his office." *Id.* at 3. The Amended Complaint does not include any allegations against Defendants Wetzel or Clark beyond identifying them as Defendants.

Korb appears to assert a claim based upon a violation of his Constitutional rights under the Eighth Amendment.[3] Because he does not have a direct cause of action under the United States Constitution, a liberal reading of the Amended Complaint would require the Court to presume that Korb is attempting to state his Eighth Amendment claim pursuant to 42 U.S.C. § 1983. *See, e.g., Parks v. SCI-Camp Hill*, 2018 WL 7269792 at *1 (W.D. Pa. Nov. 23, 2018) (citing *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.")). Therefore, this Court construes the Amended Complaint as alleging a cause of action under Section 1983.

II.     Defendants' Motion to Dismiss and the Standard of Review

The Defendants base their motion to dismiss the Amended Complaint on two main points: first, that Korb failed to allege the personal involvement of Defendants Wetzel and Clark, and, indeed, failed to mention these two Defendants at all; and second, that Korb failed to exhaust his administrative remedies as to his claim against Defendant Haystings. *See* ECF No. 34 at 2.

"When considering a Rule 12(b)(6) motion, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land &*

---

[3] Filed with this Amended Complaint a notification to the Clerk of Court in which Korb references his "1983 civil rights lawsuit." ECF No. 15 at 5.

2

*Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

III. Discussion

    A. The Amended Complaint Fails to State a Claim Against Defendants Wetzel and Clark.

The Court will dismiss Korb's claims against Defendants Wetzel and Clark for the simple reason that the Amended Complaint includes no allegations against them. Beyond their designation as Defendants, Korb's filing does not mention either of these two individuals. No allegations are made connecting or implicating these Defendants in the assault Defendant Haystings allegedly committed upon Korb. To plead a § 1983 claim, the plaintiff must allege each defendant's personal involvement in the alleged wrongdoing. *Beausoleil v. Erie County Prison*, 2019 WL 119674, at *1 (W.D. Pa. Jan. 7, 2019) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Because the Amended Complaint is devoid of any allegations or claims against Defendant Wetzel or Clark on which relief may be granted, Korb's claims against them must be dismissed.

3

B.  Korb Failed to Exhaust Administrative Remedies as to his Claims Against Defendant Haystings.

The Prison Litigation Reform Act ("PLRA") "mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." *See* 42 U.S.C. § 1997(e)(a); *Jones v. Bock*, 549 U.S. 199 (2007). Section 1997(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(a).

The Supreme Court has explicitly provided that all prisoners must exhaust their administrative remedies as to any claim that arises in the prison setting, regardless of the kind of relief sought. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, the exhaustion of available administrative remedies is required before filing a civil rights action under § 1983. *See* 42 U.S.C. § 1997(e)(a) ); *Perazzo v. Fisher*, 2012 WL 1964419, at *1 (M.D. Pa. May 31, 2012) (dismissing case for failure to exhaust administrative remedies where plaintiff revealed in the complaint that the grievance process was not complete but was at the "last stage"); *Jones v. Lorady*, 2011 WL 2461982 (M.D. Pa. June 17, 2011) (dismissing prisoner complaint for failure to exhaust administrative remedies prior to starting federal action); *Booth v. Churner*, 2016 F.3d 289 (3d Cir. 2000) (affirming dismissal where prisoner plaintiff conceded that he did not exhaust administrative remedies). "[I]t is beyond the power ... of any [court] to excuse compliance with the exhaustion requirement" of § 1997(e). *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000); *see also Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004).

Korb admits on the face of his Amended Complaint that he did not exhaust his administrative remedies before filing this action. Korb acknowledges that he "must expire

4

Albion grievance steps 1-2-3 before [his] 1983 civil rights complaint is valid – so as of 2-5-18 [he was] filing step #1 of grievance system 2-3 will follow." ECF No. 15, at 5. By Korb's own admission then, his claims against Defendant Haystings are not exhausted because he has not completed the prescribed grievance procedure. As a result, Korb's claim against Defendant Haystings will be dismissed.

IV.   Leave to Amend is Denied as Futile.

Given the liberal standards afforded *pro se* pleadings, a plaintiff should generally be granted leave to amend before the Court dismisses a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments given the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based upon Korb's admitted failure to exhaust prison grievance procedures, the Court finds that allowing Korb to further amend his pleading would be futile. The PLRA requires exhaustion before the initiation of Korb's claims in federal court, and this Court cannot excuse compliance with those requirements. Where, as here, the plaintiff has failed to exhaust his administrative remedies, amendment would be futile because amendment cannot cure such a failure. *See, e.g., Griffin v. Malisko*, 2018 WL 5437743 (M.D. Pa. Oct. 29, 2018); *Foman*, 371

U.S. at 182. Further, because Korb cannot file an action without first exhausting his claims against Defendant Haystings, he cannot bring any associated claims against Defendants Wetzel and Clark. Thus, any amendment of the claims against those two Defendants would likewise be futile. *Id.*

V.   Order

Based upon the foregoing, the Court orders:

1. Defendants' Motion to Dismiss to Plaintiff's Complaint [ECF No. 34] is **GRANTED**. Plaintiff's Amended Complaint [ECF No. 15] is **DISMISSED** with prejudice;

2. On March 12, 2019, Plaintiff filed a "Motion for Reply" addressed to United States Magistrate Judge Lisa Pupo Lenihan in which he appears to ask that his case be re-opened. ECF No. 54. In this motion, Korb references a video recording of the alleged assault by Defendant Haystings. *Id.* The motion is **DENIED** because there was no case to reopen when it was filed. Furthermore, any video evidence of the alleged assault would be evidence in an action filed after Korb exhausts his administrative remedies for that claim.

3. The Clerk of Court is directed to close this case.

So ordered.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Entered this 18th day of March, 2019.