IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ALBERT B. KORB, | 1:18-CV-00042-RAL |
| Plaintiff, | RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE |
| vs. | |
| SGT. HAYSTINGS, JOHN WETZEL, SRC DOC; AND MIKE CLARK, SUPERINTENDENT ALBION; | MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>ECF NO. 99 |
| Defendants, | |

I. Introduction

In this civil rights lawsuit, Plaintiff Albert Korb ("Korb") alleges that he was assaulted and verbally insulted by Sgt. Hastings ("Hastings").[1] ECF No. 94. In addition to Hastings, Korb has sued John Wetzel ("Wetzel"), the former Secretary of the Pennsylvania Department of Corrections, and Mike Clark ("Clark"), Superintendent at the State Correctional Institution at Albion ("SCI-Albion"). Pursuant to Federal Rule of Civil Procedure 12(c), Defendants have moved for judgment on the pleadings as to all claims against Wetzel and Clark and one claim against Hastings. *See* ECF No. 99. For the reasons detailed below, the motion will be GRANTED.[2]

---

[1] Korb's Amended Complaint and other pleadings misspell Hastings' last name as "Haystings." Except in the caption, the Court will use the correct spelling as provided by the Defendants. *See* ECF No. 100, p. 1 n.1.

[2] The Parties have consented the jurisdiction of a United States Magistrate Judge in these proceedings. *See* ECF Nos. 27 and 32.

1

II.     Relevant Procedural History

The Court previously dismissed Korb's original Complaint on the Defendants' motion to dismiss. *See* ECF No. 55. Korb appealed this order to the Court of Appeals for the Third Circuit. ECF No. 68. The Court of Appeals vacated this Court's dismissal order and remanded the case for further proceedings, including the opportunity for Korb to file an Amended Complaint. *See Korb v. Haystings*, 860 Fed. Appx. 222, 223 (3d Cir. 2021). Korb filed an Amended Complaint on July 12, 2021. ECF No. 94. On July 26, 2021, the Defendants filed an Answer to the Amended Complaint and pending Motion for Judgment on the Pleadings. ECF Nos. 98, 99. Korb filed a Response to the Defendants' motion on August 20, 2021. ECF No. 111. The motion is ready for disposition.

III.    Standard of Decision

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." A court may grant such a motion if the movant "is entitled to judgment as a matter of law" based on the pleadings. *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 n.7 (3d Cir. 2019) (internal quotation omitted). A court analyzes both a motion to dismiss and a motion for judgment on the pleadings under the same legal standard. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). *See also Rosenau v. Uniford Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In reviewing such a motion, the court must view the facts alleged in the pleadings and the inferences that can be drawn therefrom in a light most favorable to the non-moving party. *Id.* "A motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'" *Bangura v. City*

*of Phila.*, 338 Fed. Appx. 261, 264 (3d Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record." *Crespo v. Higgins*, 2021 WL 4264869, at *2 (W.D. Pa. Sept. 20, 2021) (citing *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (footnotes omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Furthermore, a pro se pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, a pro se complaint asserting claims pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a §1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

With these standards in mind, the Court turns to Korb's Amended Complaint and Defendants' Rule 12(c) motion.

IV.     Factual Allegations of the Amended Complaint

The Court accepts the following facts alleged in Korb's Amended Complaint as true for purposes of Defendants' motion. At approximately 5:30 PM on an unspecified date, Korb was in Room AB 11 when a guard appeared at the door and directed him to report to the AB sergeant's office. ECF No. 94, ¶ 1. Korb complied. *Id.* When he arrived at the office, he observed three individuals, Mr. Steely, another inmate, and Hastings, seated in the room. *Id.* Korb "chose to stand," and Mr. Steely began "some pitch about [his] cell not being clean." *Id.* "Deeply offended" by this reprimand and desiring to avoid "further nonsense from Mr. Seely," Korb walked out of the sergeant's office. *Id.*, ¶¶ 1, 4. As he did so, Hastings "violently and brutally put his hands on [him], pushed – twisted [him] against door frame [and] ordered [him] back into office." *Id.*, ¶ 4. "For fear-danger-from Guard Hastings, [Korb] did as told." *Id.* "Mr. Seely pitched-[Korb] again walked away. Over!" *Id.*

On another unspecified date, Hastings called Knob to the guard desk and told him "without provocation you stink." *Id.*, ¶ 6. At some point, Hastings was present at Knob's door and "made an unfriendly comment" that Knob had "no interest in hearing." *Id.* Hastings then walked away. *Id.*

Knob claims that Hastings' actions have caused him to suffer "weight loss, extreme depression, loss of rest, sleep anxiety, deep neck-back-leg pain" which required him to take "ibuprofen for pain – melatonin to sleep." *Id.*, ¶ 8. Korb's only allegations against Secretary Wetzel is that he is "legally responsible for overall operation of DOC and each prison under its jurisdiction…" *Id.*, ¶ 11. Superintendent Clark is similarly alleged to be "legally responsible for the operation of [SCI-]Albion-and for all its inmates-in prison." *Id.* Korb has sued each Defendant in his official and individual capacities. *Id.*, ¶ 12.

4

IV. Analysis

The Defendants' motion for judgment on the pleadings seeks dismissal of (1) Korb's claim for money damages against the Defendants in their official capacities, (2) the claim against Wetzel and Clark because the Amended Complaint alleges no facts to support that either was personally involved in actionable conduct, and (3) the claim against Hastings to the extent it is based on verbal remarks or comments. *See* ECF No. 100. The Defendants do not challenge the legal sufficiency Korb's claim against Hastings to the extent it is based on an alleged physical assault.

    A. Korb's Amended Complaint fails to state a claim against the Defendants in their official capacities.

"A state official sued in his or her official capacity is not a 'person' for purposes of § 1983 when a plaintiff seeks monetary damages, as the Supreme Court has not construed § 1983 as an abrogation of the states' Eleventh Amendment immunity." *Salter v. Wetzel*, 2020 WL 3579554, at *6 (M.D. Pa. June 30, 2020) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63-71 (1989)). This immunity, however, "is not shared by state officers to the extent that the suit seeks prospective injunctive or declaratory relief or seeks damages from the officers in their individual capacities." *See id.* (citations omitted). Korb has not asserted a claim for equitable or declaratory relief against any Defendant. The Court will, therefore, dismiss Korb's claim against all Defendants in their official capacities.

    B. Korb's Amended Complaint fails to allege facts to support the personal involvement of Wetzel or Clark.

Section 1983 authorizes a private cause of action available to any person whose rights secured by the U.S. Constitution or other federal law are violated by state officials:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the

5

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*See* 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Individual liability under § 1983 may be imposed only where the state actor played an "affirmative part" in the alleged misconduct. *See Sanchez v. Litz,* 2021 WL 5176262, at *2–3 (M.D. Pa. Nov. 3, 2021) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) and *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." *Id.* That is to say, each defendant in a §1983 actions "must have personal involvement in the alleged wrongs," which can be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d at 1207-08.

A defendant's status as warden, supervisor, or other prison official at the time of an alleged constitutional deprivation, standing alone, does not support individual liability. *See Rode*, 845 F.2d at 1207. The plaintiff states a § 1983 claim against such officials only if he alleges facts to support supervisory liability under at least one of two recognized theories of supervisory liability. Under these theories, a supervisor may be liable if he established and maintained a policy, practice or custom that directly caused the constitutional harm, or if he participated in violating plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinate's violations. *See Santiago v.*

6

*Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Allegations that merely hypothesize that an individual defendant may have had knowledge of, or personal involvement in, the deprivation of his or her rights, do not support individual liability. *See Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08.

Here, the Amended Complaint alleges no facts to support that Wetzel or Clark maintained a policy, practice or custom that directly caused Korb to suffer constitutional harm, participated in violating plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in his subordinate's violations. The Amended Complaint alleges only that Wetzel "is legally responsible for the overall operation of DOC and each prison under its jurisdiction" and that Clark is "also legally responsible for the operation of [SCI-]Albion and for the welfare of all its inmates." ECF No. 92, ¶ 11. *Id.* These allegations do not support the individual liability of either Defendant. Therefore, the claim against Wetzel and Clark will be dismissed.

        C. Korb's claim against Hastings fails to the extent it is based on verbal insults or other offensive comments.

In addition to alleging that Hastings physically assaulted him, Korb alleges that Hastings told him "you stink" and "made an unfriendly comment" to him. *Id.*, ¶ 6. Any claim premised on Hastings' comments about Korb's personal hygiene or other insulting or unfriendly comments is not actionable under § 1983. *See Matthews v. Norristown State Hosp.*, 528 Fed. Appx. 115, 119 (3d Cir. 2013) (holding verbal abuse or harassment is not actionable under 42 U.S.C. § 1983); *Aleem-X v. Westcott*, 347 Fed. Appx. 731 (3d Cir. 2009) (same). The claim against Hastings will be dismissed to the extent it is based on such comments. As noted, Defendants have not requested dismissal of Korb's claim against Hastings to the extent it is based on his

7

alleged physical assault. Therefore, this aspect of the claim against Hastings will proceed to discovery.

V.    Korb will not be granted further leave to amend his complaint.

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Court of Appeals for the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The Court concludes that granting Korb further leave to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where an inmate plaintiff "has already had two chances to tell his story ... giving him further leave to amend would be futile."). Here, Korb has been given two opportunities to amend his complaint. *See* ECF Nos. 13, 87. Korb has twice failed to allege facts to support any claim beyond his claim that Hastings physically assaulted him. Nothing in Korb's pleading and other submissions to date indicate that he "could provide additional factual support" for any claim against Wetzel or Clark or any further claim against Hastings. *Children's Place, Inc., v. Zurich Am. Ins. Co.*, 2021 WL 4237284, at *7, n.8 (D.N.J., Sept. 17, 2021). Accordingly, further leave to amend will be denied.

V.    Conclusion

The Defendants' motion for judgment on the pleadings will be GRANTED. All claims against the Defendants in their official capacities, all claims against Wetzel and Clark, and all

claims against Hastings except his claim based on an alleged physical assault will be dismissed with prejudice. A separate order will follow.

Submitted this 20th day of December, 2021.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE